THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARTIN MATHIS, Defendant-Appellant.

First District (6th Division)   No. 1—88—3648

Opinion filed March 22, 1991.

Randolph N. Stone, Public Defender, of Chicago (Ira Churgin, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Marie Quinlivan Czech, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Martin Mathis, was charged with possession of a controlled substance with intent to deliver. After a trial without a jury, defendant was found guilty of the lesser included offense of possession of a controlled substance. The trial court sentenced defendant to two years' probation and imposed a fine of $500. On appeal, defendant contends that the trial court improperly denied his motion to suppress the evidence.

Prior to trial, the court conducted a hearing on the motion to quash the arrest and suppress the evidence. Officer Homer Rapier of the Chicago police department was the only witness to testify at the hearing. Rapier's partner, who did not testify, made the search that defendant here challenges.

Rapier testified that on the evening of September 10, 1987, he and his partner received a message that two men were attempting to rape a woman by dragging her into a building at 250 West 71st Street in Chicago. While responding to the message, the officers observed defendant and another man running from the building at that address. The officers stopped the men, and Rapier's partner conducted a pat-down search of defendant. During the pat-down, the officer told Rapier that he felt a hard object on defendant's person. The object was about the size of a golf ball. Defendant complied with Rapier's partner's order to remove the object from his pocket, which consisted of 15 small packets containing a white powdery substance. From his experience, Rapier believed the substance to be cocaine, and it was later determined that it was cocaine.

After his partner seized the object, Rapier held it and at that time it did not feel like a gun or a knife. When asked if the object was as big as a gun, Rapier stated: "I guess a small caliber could possibly be that size" and remarked, "they make miniatures now." At the conclusion of the hearing, the trial court denied the motion to suppress the evidence. At trial, the State's case consisted of the stipulated testimony that Rapier had given at the hearing.

■■ ■ The trial court's denial of a motion to suppress will not be overturned by a reviewing court unless it is manifestly erroneous. (*People v. Winters* (1983), 97 Ill. 2d 151, 454 N.E.2d 299.) During an investigatory stop, police officers may, for their own protection, conduct a reasonable search for weapons when dealing with a person who may be armed and dangerous. (*Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868.) The *Terry* pronouncement has come to be known as the "stop and frisk" rule, permitting a protective pat-down.

■■ Under the circumstances here, the protective pat-down search was reasonable. The officers were responding to a call that a violent crime was occurring at a certain address. When the officers arrived at the scene, they observed defendant running from the building in question. A protective pat-down frisk was clearly in order.

■■ The issue, therefore, becomes whether after the pat-down revealed an object on defendant's person, the officers' conduct was proper. More specifically, the issue is whether under the circumstances, a reasonably prudent officer would believe that the object which he ordered defendant to produce was a weapon which threatened the officer's safety. *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868.

■■ In the present case, we do not have the benefit of the testimony of the officer who conducted the pat-down search. Only Rapier testified, and the extent of his testimony was that his partner told him that he felt a hard object. No evidence was introduced that the officer felt threatened or that the object was a weapon. Indeed, the record reveals otherwise. It seems that if the officer believed during his frisk he had felt a weapon, he would not have ordered defendant to withdraw the object, but would have removed it himself. This conduct on the part of the officer indicates his belief that the object was not a weapon and is a proper factor for consideration for the court. *People v. Galvin* (1989), 127 Ill. 2d 153, 535 N.E.2d 837.

■■ ■ There is no hardfast rule that the police have the right to seize any hard object after a pat-down. The hardness of the object is a factor in determining the reasonableness of the officer's belief that he is in danger, but it is only one factor. The police may only seize an object they reasonably believe might be a weapon. Here, there is no evidence that the officer believed the object was a weapon and that he seized it for that reason. Indeed, the officer permitted defendant to withdraw the object from his pocket, rather than retrieve it himself. There is evidence, moreover, that the object was about the size of a golf ball, and that the officer who testified did not believe that the object felt like a weapon. Under the totality of the circumstances, we hold that the finding of the trial court that the officer reasonably might have believed that the object was a weapon is manifestly erroneous. *People v. Ricksy* (1990), 206 Ill. App. 3d 302, 564 N.E.2d 256.

In support of its argument that the search was proper, the State cites *People v. Day* (1990), 202 Ill. App. 3d 536, 560 N.E.2d 482. *Day* is clearly distinguishable. There, the officer testified that during the frisk he noticed a small rectangular object in defendant's pants pocket. The officer believed that the object could have been a razor

blade wrapped in something. When the officer retrieved the object, he discovered it was a package containing cocaine, and this court upheld the propriety of the search. In the present case, however, there was no testimony that the officer believed the object in defendant's pocket was a weapon.

Accordingly, the trial court's order denying defendant's motion to suppress the evidence is reversed. Since without the suppressed evidence there is apparently no evidence against defendant, the judgment of conviction is reversed without remand.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

RAKOWSKI, P.J., and LaPORTA, J., concur.